**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| SHERRY LEE CRUZ, ) | ) | CASE NO. 7:16CV00436 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| JEFFERY DILLMAN, | ) | By: Norman K. Moon |
| Respondent. | ) | United States District Judge |

Sherry Lee Cruz, a Virginia inmate proceeding *pro se*, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of her confinement on a judgment by the Winchester City Circuit Court. Respondent filed a motion to dismiss Cruz's § 2254 petition, and Cruz responded, making the matter ripe for disposition. After review of the record, I conclude that Cruz has not fully exhausted her state court remedies before filing this federal habeas petition and, therefore, will dismiss her petition without prejudice.

In 2014, a Winchester City Circuit Court jury convicted Cruz of first degree murder, arson of an occupied dwelling, and four counts of felony child abuse and neglect. The circuit court sentenced her to thirty-two active years of incarceration. Cruz appealed her convictions, but the Court of Appeals and the Supreme Court of Virginia denied her petitions.

On March 7, 2016, Cruz filed a timely petition for a writ of habeas corpus in the Winchester City Circuit Court, but the case is still active, pending a final order.

On June 29, 2016, Cruz filed a petition for a writ of habeas corpus in the federal district court, which I denied without prejudice because Cruz had not fully exhausted her state court remedies prior to filing her federal petition.

On September 19, 2016, Cruz filed the current petition.

"[A] federal court may not grant a writ of habeas corpus to a petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state court." *Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000) (citing 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition. *Slayton v. Smith*, 404 U.S. 53 (1971). In Virginia, a non-death row felon must ultimately present her claims to the Virginia Supreme Court and receive a ruling from that court before a federal district court may consider he claims. *See* Va. Code § 8.01-654. Once again, Cruz has not finished exhausting her state court remedies before filing this action and, therefore, I will dismiss her habeas petition without prejudice.

**ENTER:** This  19th  day of June, 2017.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE